315 So.2d 511 (1975)
Frank WHORLEY, As Administrator of the Estate of Frank Joseph Whorley, a Deceased Minor, Frank Whorley, for Himself and On Behalf of Joan Whorley, As Parents of Frank Joseph Whorley, a Deceased Minor, Appellant,
v.
William S. BREWER, Sr., et al., Appellees.
Nos. 73-1158, 74-43.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
Leo Greenfield of Law Offices of Leo Greenfield, P.A., North Miami, for appellant.
William C. Wulfers, Jr., of Hoffman, Hendry, Parker & Smith, Orlando, for appellees.
NEWELL, EMERY J., Associate Judge.
Appellant Whorley brought suit against the appellees seeking to recover damages for the death of his minor son allegedly caused by the negligence of the appellees. A pre-trial conference was held on June 4, 1973. On June 26, 1973, the case was submitted to the jury. The jury returned a verdict in favor of appellees. On September 14, 1973, the trial court entered an order granting appellees motion for directed verdict upon which the court had reversed ruling and denied appellant's motion for new trial. On December 13, 1973, the trial court entered final judgment in favor of appellees. This is a consolidated appeal from the order of September 17, 1973, and the final judgment of December 14, 1973.
The sequence of events within the trial court is important in view of the Florida courts' retreat from the doctrine of contributory negligence. On February 8, 1973, *512 this Fourth District handed down Jones v. Hoffman, Fla.App., 272 So.2d 529, which rejected the long established doctrine of contributory negligence and replaced it with comparative negligence. In point of time, this decision came prior to the pre-trial conference and the trial by jury in the instant case. Subsequent to trial, but before the trial court's order of September 14, 1973, the Supreme Court affirmed Jones v. Hoffman. Although appellant had requested a charge on comparative negligence at the pre-trial conference and again during the trial at the conference on charges, the court refused. This point was again raised in appellant's motion for new trial.
The accident resulting in appellant's son's death occurred on April 27, 1971, on a public street leading from Eau Gallie High School to a nearby swimming pool which was used as part of the high school's physical education program. Although school regulations prohibited the use of automobiles during the school day, one William Brewer drove his automobile from the school parking lot and used such automobile to transport himself and others to the swimming pool. Appellant's son positioned himself on the right rear bumper of Brewer's vehicle, and was fatally injured when he was thrown off the car as it moved forward. On two dates preceding the fatal accident administrative school personnel had addressed memoranda to physical education instructors questioning the existing supervision of students within the physical education classes and stressing the need for close supervision of all participants. On the date in question, three coaches had gone to the pool area to await the students' arrival while a fourth instructor was to accompany them to the pool This individual was delayed, as he had to discipline other students, and followed them by truck. These are the basic facts.
Appellees concede that the doctrine of comparative negligence as recently enunciated by the Supreme Court is the case law applicable to the present case. While appellant argues that granting the appellees' motion for directed verdict after a jury verdict was a "moot and meaningless judicial act," appellees contend that what the trial court did was to take into account the new doctrine of comparative negligence and apply it to the evidence in this case. Appellees, in pursuit of this argument, say the act of the trial court in directing a verdict for the appellees was based on the court's belief that the evidence presented at trial showed there were no acts or admissions on the part of the School Board or its employees which constituted a proximate cause of the accident and injuries sustained by the decedent.
We agree that the court's post verdict rulings were founded upon its conviction the evidence failed to show any proximate causation between any acts or omissions on the part of the School Board or its employees and the accident and injuries sustained by decedent, regardless of whether contributory or comparative negligence principles are applied. We think, however, the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to more than one possible conclusion and the case should have been submitted for the jury's consideration at a new trial.
It seems clear the decedent's acts contributed to his demise, and being so charged, the jury's verdict comes as no surprise. When the doctrine of comparative negligence obtains, a plaintiff's contributory negligence reduces the amount of damages recoverable, but it does not completely bar recovery. A jury, being presented with the identical facts and being charged with the principles of comparative negligence, rather than contributory negligence, might have determined the supervision by the School Board and its employees to be inadequate and a legal cause of the accident.
The judgments are reversed and the cause is therefore remanded for a new trial.
WALDEN, C.J., and DOWNEY, J., concur.